BREWER v. A. M. BLYTHE & CO.

(Court of Civil Appeals of Texas. Dallas. June 28, 1913. Rehearing Denied June 28, 1913.)

1. APPEAL AND ERROR (§ 302*)—MOTION FOR NEW TRIAL — CONTENTS — OBJECTION TO CHARGES.

Court of Civil Appeals rule 24 (142 S. W. xii), providing that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived, must be construed with Rev. Civ. St. 1911, arts. 2061, 2062, providing that instructions shall be considered as excepted to in all cases, and that no bill of exceptions shall be necessary to save an exception thereto, and, when so construed, the rules do not require assignments of error to the giving or refusing of charges or to any other matter otherwise appearing of record to be included in the motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS —INSTRUCTIONS ALREADY GIVEN.

A requested charge which is sufficiently covered by the charges already given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. APPEAL AND ERROR (§§ 743, 760*) — ASSIGNMENTS OF ERROR—BRIEFS—REFERENCES TO RECORD.

Assignments of error to the admission of evidence and to the overruling of a motion for new trial charging that the judgment is contrary to law and the evidence cannot be considered, where neither the assignment nor the brief show that these matters were urged in the motion for new trial in the lower court with a reference to the page of the transcript and clause of the motion in which the rulings were complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011, 3095; Dec. Dig. §§ 743, 760.*]

Appeal from Kaufman County Court; Thos. R. Bond, Judge.

Action by A. M. Blythe & Co. against Henry Brewer. Judgment for plaintiffs, from which defendant appeals, and the judgment was affirmed. On motion for rehearing, motion overruled and judgment below affirmed.

Huffmaster & Huffmaster, of Kaufman, for appellant. Terry & Brown and Woods & Morrow, all of Kaufman, for appellees.

TALBOT, J. A. M. Blythe & Co., a firm composed of A. M. Blythe, J. S. Woods, and Nestor Morrow, brought this suit to recover of appellant the sum of $571.50 for services as brokers alleged to have been rendered appellant in the sale of a tract of land. Appellant answered by a general demurrer, general denial, and plea of non est factum, denying that the written contract upon which appellees base their right to recover was executed by him or by his author-

ity. A jury trial resulted in a verdict and judgment in favor of appellees for the sum of $400, and the appellant appealed.

[1] At a former day of the present term we declined to consider appellant's assignments of error, because they were not in compliance with amended rule 24 and rule 25 (142 S. W. xii), prescribed by the Supreme Court for the government of the Courts of Civil Appeals, and affirmed the case. We were of the opinion, and so held, that appellant's assignments of error were not briefed in accordance with the rules mentioned, in that neither of them showed that the error complained of was distinctly set forth in a motion for a new trial in the lower court with a reference to the page of the transcript and particular clause of the motion in which the error was complained of. Appellant in due time filed a motion for a rehearing in this court, and under the decision of the Supreme Court of this state in the case of Railway Co. v. Beasley, 155 S. W. 183, rendered since the ruling of this court on the subject was made, our former opinion is withdrawn, and this opinion substituted therefor. In the case referred to the Supreme Court holds that rule 24, as recently amended, in so far as it requires objections to the giving or refusing of charges, and, in effect, to any other ruling which appears of record, to be set up in a motion for a new trial, is in conflict with articles 2061 and 2062 of the statute and the construction placed upon them by that court, and must be construed so as to harmonize with said articles of the statute and the former decisions of that court. This decision of the Supreme Court sets at naught the rule in the respect referred to, and the errors necessary to be complained of in a motion for a new trial in the court below in order to be available on appeal are practically the same as before said rule was promulgated. Such, therefore, of appellant's assignments of error as complain of charges given and refused by the trial court, and other rulings which under the statutes referred to must be considered as excepted to and which appear otherwise of record, are entitled to consideration, although no motion for a rehearing embracing the error therein complained of was presented in the court below. Under this construction of the statutes and rules, only appellant's first, second, and fifth assignments can be considered.

The first assignment complains of the court's refusal to give a special charge requested by the appellant to the effect that to make a contract there must be a mutual assent; that the assent must comprehend the whole of the proposition, and, if the jury believed from the evidence that appellant did not understand and assent to the contract made by appellees with Crane and Legg for the sale and purchase of the land in question, the same would not be binding upon appel-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

lant. The second assignment complains of the refusal to give a special charge asked by appellant,. to the effect that, if the appellees proved a contract at variance with the contract alleged, they could not recover. The fifth assignment asserts that the court erred in giving at the instance of appellees the following charge: "If you believe from all the evidence before you in this case that the contract offered in evidence by plaintiffs was signed by Nestor Morrow as agent and repre- 'sentative of defendant Brewer, and that he was authorized by Henry Brewer to sign same, in that event it would be a binding contract on Henry Brewer the defendant; and, if it further appears from all the evidence before you that the said Henry Brewer afterwards refused to carry out said contract and breached the same, then and in that event the plaintiffs would be entitled to recover their commissions sued for herein. You are further instructed that if the said Morrow was authorized to sign said contract, and the said Henry Brewer afterwards changed his mind as to some of the details thereof, it would not prevent the plaintiffs from recovering their commissions sued for."

[2] Our conclusion is that the court did not err in either of the rulings here complained of. The evidence did not call for a charge on any such question of variance as claimed, and the above special charge given at the request of the appellees was a correct application of the law to the facts, which, together with the general charge, rendered the giving of the special charge requested by appellant, and made the basis of his first assignment of error unnecessary. In order to return a verdict in favor of the appellees, as they did do, the jury must have found under the general charge of the court and the special charge given at the instance of appellees, and of which complaint is made, that appellant assented to the very contract in question and authorized Nestor Morrow, a member of appellees' firm, to sign it for him. The first assignment of error does not present a case in which a charge directing the minds of the jury to the very facts in issue and invoking their judgment upon the evidence relative thereto was asked. In addition to the special charge above quoted, and given at the request of the appellees, the trial court by its general charge made appellees' right to recover depend upon a finding by the jury that the plaintiffs and the defendant entered into such a contract of sale as is alleged in appellees' petition.

[3] The other two assignments of error complain, respectively, of the admission in evidence of the contract of sale and the overruling of appellant's motion for a new trial, asserting that the verdict and judgment are contrary to the law and the evidence, in that the evidence fails to show that the plaintiffs found a buyer able, willing, and ready to buy upon the terms that appellant proposed to sell. These assignments are not entitled to consideration because not briefed as required by the rules, in that neither in the assignment nor in the brief is it shown that these matters were urged in a motion for a new trial in the lower court, with a reference to the page of the transcript and clause of such a motion in which the rulings were complained of. But, if we were disposed to consider the assignments of error, we are not prepared to hold that the court erred in either of the rulings attacked.

Appellant's motion for a rehearing will be overruled, and the judgment stand affirmed.

Affirmed.